UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-344-JMH

MICHAEL STEPHEN LANCELLOTTI, PLAINTIFF

V. **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, et al., DEFENDANTS

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

**INTRODUCTION**

On September 29, 2010, while he was incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington")[1], Plaintiff Michael Stephen Lancellotti ("Lancellotti"), filed this action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), naming as defendants the Federal Bureau of Prisons ("BOP") and a contract physician, Ali H. Mesiwala, M.D., concerning cervical spine surgery that he underwent on February 13, 2008.[2] Lancellotti appears to be asserting a malpractice claim against BOP contract physician, Dr. Mesiwala, and claims that the BOP has been deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment right to be free from cruel and unusual

---

[1] Lancellotti has since been transferred to the Federal Correctional Institution in Terminal Island, California ("FCI-Terminal Island").

[2] Apparently, this surgery occurred at a hospital in San Bernadino, California, prior to Lancellotti's transfer to FMC-Lexington.

punishment, by failing to honor his request to be transferred to Mayo Clinic in Rochester, Minnesota, for additional, reconstructive surgery to correct the medical problems associated with the first cervical spinal surgery performed by Dr. Mesiwala.

In his initial filing, Lancellotti requested injunctive relief in the form of being transferred to Mayo Clinic in Rochester, Minnesota, for what he characterizes as a "life saving operation to my cervical spine." (DE #2, page 1). Lancellotti has since amended and supplemented his complaint to name additional defendants and to request compensatory damages of $5 Million from each defendant for malpractice and other wrongs suffered (DE #11).

This matter is before the court on Plaintiff's motions for injunctive relief (DE ##5, 7). In these motions, Lancellotti reiterates his request that the BOP be ordered to transfer him to the Mayo Clinic in Rochester, Minnesota, for additional surgery to correct the surgery to his cervical spine performed by Dr. Mesiwala that did not yield the expected results. Additionally, Lancellotti also requests that the BOP and the University of Kentucky Medical Center ("UKMC") be prohibited from performing any surgery on his cervical spine.[3] For the reasons explained below, Lancellotti is not entitled to any of the injunctive relief he seeks.

---

[3] In Lancellotti's motion for injunctive relief filed on November 15, 2010, he advises that he believes the BOP has scheduled him for surgery at the UKMC on November 16, 2010. (DE #5, page 1). He requests that this surgery be performed elsewhere.

## DISCUSSION

Generally, the plaintiff bears the burden of establishing his entitlement to a preliminary injunction. A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *See also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

In addressing a request for a preliminary injunction, a court should consider: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. The failure to show a likelihood of success on the merits is usually fatal. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

**a.   likelihood of prevailing on the merits**

To satisfy the first criterion, by establishing a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success.  *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261, n.4 (6th Cir. 1977).  The plaintiff must show a "strong" or "substantial" likelihood of success. *See Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004).

At this juncture, Lancellotti has not demonstrated a likelihood of success on the merits.  He has provided the court with no medical opinions that it is imperative or a matter of life and death that he be transferred to the Mayo Clinic in Rochester, Minnesota, for the additional, corrective surgery he believes he needs.  Lancellotti's own assessment as a lay person that the Mayo Clinic in Rochester, Minnesota, is the only place he must go for additional surgery is insufficient to demonstrate a likelihood of success on the merits.

Consequently, for these reasons, the Court is unpersuaded that Lancellotti has shown a "strong" or "substantial" likelihood of success on the merits.  *See Summit County Democratic Cent. and Executive Comm. v. Blackwell*, *supra*.  To reiterate, a showing of a mere possibility of success is insufficient to warrant the imposition of a preliminary injunction.  *See  Mason County Med. Ass'n v. Knebel*, *supra*.  In the balance, this factor weighs against

entry of a preliminary injunction.[4]

**b.    irreparable injury**

Next, the Court must consider whether the movant will suffer irreparable harm without injunctive relief. Plaintiff would have the court believe that he will suffer irreparable harm in the absence of injunctive relief. However, this claim is unfounded, as evidenced by the fact that subsequent to his request for injunctive relief, he underwent reconstructive cervical surgery at the UKMC on November 16, 2010, and was returned to FMC-Lexington on November 22, 2010.

Consequently, the Court concludes that plaintiff has not established irreparable injury and has failed to establish that he has no adequate remedy at law. Plaintiff's remedy, if any, would be an award of monetary damages if he were to prevail on the merits of his medical malpractice and *Bivens* claims. This factor weighs against entry of a preliminary injunction.

**c.    substantial harm to others**

Plaintiff does not address this factor in his complaint. Since the defendants have not been served with the complaint, they have filed no answer or other response herein and thus have voiced

---

[4] Additionally, plaintiff's request for injunctive relief appears to be moot. In Lancellotti's "Motion To Add New Evidence" filed on November 30, 2010, he advises that he underwent six hours of reconstructive cervical surgery, presumably at the UKMC on November 16, 2010, and that he was returned to the BOP on November 22, 2010.

5

no opinion on plaintiff's request for injunctive relief.

The Court concludes that this factor is inconsequential to the Court's analysis of this matter and has no effect on the court's decision in this regard.

**d.   public interest**

Plaintiff does not address this factor in his complaint.  To reiterate, since the defendants have not been served with the complaint, they have filed no answer or other response herein and thus have voiced no opinion on plaintiff's request for injunctive relief.

The Court concludes that this factor is also inconsequential to the Court's analysis of this matter and has no effect on the court's decision in this regard.

## CONCLUSION

In view of the balancing test reiterated by the Sixth Circuit in *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, *supra*, and other applicable law, for all of the reasons stated above, the Court concludes that two of the four factors of this test when balanced, weigh in the defendants' favor, with the third factor (substantial harm to others) and fourth factor (public interest) being inconsequential, and that plaintiff has not established that he is entitled to a preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motions for injunctive relief (DE ##5, 7) are **DENIED**.

This the 6th day of September, 2011.



Signed By:
*Joseph M. Hood*  JMH
Senior U.S. District Judge